Weiner v City of New York (2021 NY Slip Op 00229)





Weiner v City of New York


2021 NY Slip Op 00229


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 104330/12 Appeal No. 12879N Case No. 2020-00090 

[*1]Clifford Weiner, Plaintiff-Appellant,
v
City of New York et al., Plaintiffs-Respondents, Siemens Electrical, LLC Formerly Known as Schlesinger-Siemens Electrical, LLC et al., Defendants-Respondents.


Callagy Law, PC, New York (Michael J. Smikun of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jesse A. Townsend of counsel), for City of New York and State of New York, respondents.
Binder & Schwartz LLP, New York (Wendy H. Schwartz of counsel), for Siemens Electrical, LLC, Siemens Industry, Inc., and Schlesinger Electrical Contractors, Inc., respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about August 7, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiff City of New York (the City) to approve the settlement agreement between itself and defendants, and denied the request of former plaintiff/relator Clifford Weiner (relator) for an evidentiary hearing and/or additional discovery regarding the settlement, unanimously affirmed, without costs.
Section 190 of the State Finance Law provides that a state or local government may settle a civil enforcement claim under the New York False Claims Act (NYFCA), notwithstanding a relator's objections, so long as the court determines, after an opportunity to be heard, that the proposed settlement was "fair, adequate and reasonable with respect to all parties under the circumstances" (State Finance Law § 190[5][b][ii]). As noted by the motion court, New York State caselaw does not provide a standard for determining whether a NYFCA proposed settlement is "fair, adequate and reasonable." Since the NYFCA is modeled after its federal counterpart, it is appropriate to look to federal jurisprudence for guidance (see e.g. State of New York ex rel. Seiden v Utica First Ins. Co., 96 AD3d 67, 71 [1st Dept 2012], lv denied 19 NY3d 810 [2012]).
In reviewing the settlement, the motion court properly adopted the standard articulated by the Eleventh Circuit in United States v Everglades Coll., Inc. (855 F3d 1279 [11th Cir 2017]). Under this standard, to determine whether a proposed settlement is "fair, adequate and reasonable," the court must determine "(1) whether the government has advanced a reasonable basis for concluding the settlement is in the best interests of the [government]; and (2) whether the settlement unfairly reduces the relator's potential qui tam recovery" (Everglades at 1289). While several district courts have applied the standard for approving class action settlements under Federal Rules of Civil Procedure (FRCP) 23(e), an NYFCA suit materially differs from class action litigations, and the motion court properly declined to adopt the FRCP 23(e) standard in this regard.
Applying Everglades, the settlement here was "fair, adequate and reasonable." The settlement served the purpose of conserving resources, avoiding litigation on contested elements such as materiality, and avoiding unfavorable precedent (id.). The uncertainty of the "materiality" element of the claims under Universal Health Servs., Inc. v United States ex rel. Escobar ( US , 136 S Ct 1989 [2016]) is highlighted by the fact that it is undisputed that the City continued paying defendants under the contracts at issue despite knowing of their regulatory noncompliance. While defendants entered into a deferred prosecution agreement, their admissions in the criminal case did not establish liability with respect to every element of an NYFCA claim. The settlement was also favorable to the City, given that it [*2]recovered the equivalent of a penalty for each false request for payment that it had made, for a total of $1.5 million. Nor has the relator supported its claim that the City was entitled to the staggering sum of $750,000,000 in trebled disgorgement damages. The caselaw relator relies upon in support of disgorgement has no applicability, as they relate to instances where no material benefit had been conferred to the government. Here the City received the benefit of all the electrical work it contracted from defendants, in addition to millions of dollars.
The motion court also properly denied relator additional discovery regarding the fairness of the settlement and an evidentiary hearing. While this is a matter of first impression for this Court, the NYFCA itself does not give relators that right. The NYFCA's procedures for considering a proposed settlement of a qui tam case differ from the federal statute in that the federal statute provides that a court may approve a settlement of a converted qui tam action over the objection of the relator following a "hearing" (31 USC § 3730[c][2][B]), while the NYFCA only grants the relator an "opportunity to be heard" (State Finance Law § 190[5][b][ii]). Here, relator received the City's explanations for the grounds of the proposed settlement, had an opportunity to respond in writing and submit his own evidence, and continues to argue on appeal that
the settlement should not have been approved. Relator has received a sufficient opportunity to be heard on the fairness of the settlement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021